

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RAEANN FINDLEY                                                    PLAINTIFF

V.                                              CAUSE NO. 3:12 CV835 DPJ-FKB

CELLULAR SOUTH, INC
d/b/a C SPIRE WIRELESS                                            DEFENDANT

---

## COMPLAINT

---

### JURY TRIAL DEMANDED

COMES NOW, Plaintiff, Rae Ann Findley ("Plaintiff" or "Findley") and files this action against Defendant Cellular South, Inc. d/b/a C Spire Wireless ("Defendant" or "C Spire"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.* ("Title VII") for discrimination on the basis of sex in the termination of her employment; and pursuant to the Age Discrimination in Employment Act of 1967, as amended, codified at 29 U.S.C. §§ 621-34 ("ADEA") for discrimination on the basis of age with respect to compensation.  In support, Plaintiff would show unto this Court the following:

### PARTIES

1. Plaintiff Findley is an adult resident of Rankin County, Mississippi, currently residing at 613 Huntington Drive, Brandon, Mississippi 39047.

2. Defendant C Spire is a Mississippi corporation with its principal place of business at 1018 Highland Colony Parkway, Suite 500, Ridgeland, Mississippi

39157.  At all times relevant times, Defendant C Spire has conducted business in the State of Mississippi, and has continuously had at least 15 employees.

3.      Defendant C Spire may be served with process upon its registered agent, James A. Torrey, Jr., at 1018 Highland Colony Parkway, Suite 300, Ridgeland, MS 39157.

## JURISDICTION & VENUE

4.      Jurisdiction and venue are proper in this Court.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 for causes arising under Title VII and the ADEA.

## ALLEGATIONS

5.      On or about May 1, 2003, Plaintiff began her employment with Defendant as an Account Services Representative in Greenville, Mississippi.

6.      In January of 2005, Plaintiff was promoted to Retail Sales Supervisor in Defendant's Richland, Mississippi location.

7.      In February of 2007, Plaintiff was promoted to Market Manager of Defendant's Richland, Mississippi location.

8.      Throughout her employment, Plaintiff performed her duties in a satisfactory or above manner.

9.      At no time prior to her termination was Plaintiff ever reprimanded or disciplined for any reason, performance-related or otherwise.

10.     While employed as Market Manager of Defendant's Richland, Mississippi location, Plaintiff's direct supervisor was Regional Manager John Hopkins ("Hopkins").

11. During Plaintiff's tenure under Hopkins, Hopkins demonstrated conduct which would evidence a discriminatory animus toward females, including frequently hiring males to replace female employees.

12. At the time that Plaintiff was terminated, thirty (30) Market Managers worked under the direct supervision of Hopkins. Of those thirty (30) Market Managers, only three (3) – including Plaintiff – were female.

13. Plaintiff was subjected to an adverse employment action when she was terminated under the pretense of "dishonesty" on April 19, 2012.

14. In fact, Plaintiff was unlawfully terminated on the basis of her sex, as evidenced by the fact that a similarly situated male employee, likewise under the supervision of Hopkins, received no disciplinary action when he was reported for an act of "dishonesty" – holding money out of daily deposits in violation of actual company policy.

15. The fact that the stated reason of dishonesty is pretense for discrimination is likewise evidenced by the fact that Plaintiff was replaced by a male.

16. Defendant has engaged in illegal discrimination against Plaintiff because of her sex/gender.

17. Defendant has likewise engaged in illegal discrimination against Plaintiff on the basis of her age in violation of the Age Discrimination in Employment Act.

18. Upon the date that her employment was terminated, Defendant was forty-one (41) years of age, and clearly qualified for her position by virtue of the fact

that she was continually employed by Defendant for nearly nine (9) years, and twice promoted, without ever once receiving a performance review lower than satisfactory.

19. During her tenure of employment, Plaintiff was adversely affected in the terms and conditions of her employment in relation to her compensation by virtue of the fact that she was paid less than younger Market Managers who performed substantially similar job duties and were equally or lesser qualified; and in relation to her termination by virtue of the fact that she was replaced by a younger employee outside of her protected class.

COUNT ONE: TITLE VII – SEX DISCRIMINATION

20. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1-19 as if fully set forth herein.

21. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII.

22. As a female, Plaintiff is a member of a protected class.

23. Having worked for Defendant in a satisfactory or above manner for nearly nine (9) years, Plaintiff was qualified for the position of Market Manager.

24. Plaintiff suffered an adverse employment action by virtue of her unlawful termination by Defendant.

25. Plaintiff has been treated differently than similarly-situated employees by Defendant in the terms and conditions of her employment because of her sex/gender.

26. Defendant replaced Plaintiff with a male.

27. Defendant's conduct violates Title VII.

COUNT II: ADEA – AGE DISCRIMINATION

28. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1-27 as if fully set forth herein.

29. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of the ADEA.

30. As an individual over the age of forty (40), Plaintiff was, during her tenure of employment and as of the date upon which her employment was terminated, a member of the protected age group.

31. Having worked for Defendant in a satisfactory or above manner for nearly nine (9) years, Plaintiff was qualified for the position of Market Manager.

32. Despite her qualification, Plaintiff was adversely affected by virtue of being lesser compensated than younger individuals outside her protected class who were equally or lesser qualified, and likewise by virtue of her termination and replacement of a younger employee outside of the protected class.

33. Defendant's conduct violates the ADEA.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

34. On or about August 23, 2012, Plaintiff filed a timely Charge of Discrimination alleging sex and age discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of EEOC Charge of Discrimination # 423-2012-01985 is attached hereto as Exhibit A.

35. Plaintiff has satisfied all statutory prerequisites for filing this action.

36. On or about September 13, 2012, the EEOC sent to Plaintiff a "Dismissal and Notice of Rights" letter from the EEOC regarding her Charge of Discrimination. A true and accurate copy of the EEOC "Dismissal and Notice of Rights" letter regarding EEOC Charge of Discrimination # 423-2012-01985 is attached hereto as Exhibit B.

37. As the "Dismissal and Notice of Rights" letter from the EEOC was issued prematurely, Plaintiff submitted an additional Charge on or about October 3, 2012, in an effort to clarify her charges for purposes of allowing for a full and complete investigation by the EEOC. A true and accurate copy of EEOC Charge of Discrimination # 423-2013-00043 is attached hereto as Exhibit C. Although Plaintiff has yet to receive a "Dismissal and Notice of Rights" letter concerning Charge # 423-2013-00043, she files her Complaint now, in an abundance of caution, to avoid missing a statutory deadline based on the date of the premature dismissal of her initial charge.

38. Plaintiff has timely filed this action under Title VII, as she has filed this action within ninety (90) days of receipt of her "Dismissal and Notice of Rights" letter from the EEOC.

39. The effect of Defendant's unlawful discrimination against Plaintiff as described herein has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex/gender, in violation of Title VII, and her age, in violation of the ADEA.

40. The unlawful employment practices of Defendant complained of herein were intentional.

41. The unlawful employment practices of Defendant complained of herein were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

42. The unlawful employment practices resulted in Plaintiff suffering garden variety emotional distress and mental anguish, pain and suffering, inconvenience, loss of enjoyment of life and humiliation.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for a judgment as follows:

1. That this Court grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex/gender and age;

2. That this Court grant a judgment ordering Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for females and individuals protected by the ADEA, and which eradicate the effects of its past unlawful employment practices related to sex and age;

3. That this Court grant a judgment ordering Defendant to make whole Rae Ann Findley, by providing appropriate compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein, including job search expenses, appropriate back wages plus pre-judgment and post-judgment interest, as well as

any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including, but not limited to, an award of front pay, in amounts to be determined at trial;

4. That this Court grant a judgment ordering Defendant to make whole Rae Ann Findley by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of herein, including, but not limited to, garden variety emotional and mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

5. That this Court grant a judgment ordering Defendant to pay Rae Ann Findley punitive damages for its malicious and reckless conduct described herein, in an amount to be determined at trial;

6. That this Court grant a judgment ordering Defendant to compensate Rae Ann Findley for all employment benefits that she would have enjoyed had she not been discriminated against;

7. That this Court grant a judgment ordering Defendant to pay Plaintiff's expenses of litigation, including reasonable attorneys' fees, pursuant to Title VII and the ADEA; and

8. That this Court grant such further relief as this Court deems necessary and proper in the public interest.

Respectfully submitted on this, the 11th day of December, 2012.

_____
WESLEY D. EHRHARDT (MSB# 103021)

WDE@PattersonEhrhardt.com
JOHN CALVIN PATTERSON (MSB# 103140)
JCP@PattersonEhrhardt.com

PATTERSON EHRHARDT, PLLC
231 N. Main Street
P.O. Box 399
Como, Mississippi 38619
Tel: (662) 526-1992
Fax: (662) 526-1994

ATTORNEYS FOR PLAINTIFF